**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDULAZIZ AHMED, | No. 16-73676 |
| Petitioner, | Benefits Review Board |
| v. | No. 16-0067 |
| WESTERN PORTS TRANSPORATION, and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS | MEMORANDUM* |
| Respondents | |

On Petition for Review of an
Order of the Benefits Review Board

Submitted May 7, 2018**
Seattle Washington

Before: GOULD, IKUTA, Circuit Judges, and FREUDENTHAL,*** Chief District
Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

1

Abdulaziz A. Ahmed ("Ahmed") brings this petition for review of a decision of the Benefits Review Board ("the Board") denying benefits for injuries under the Longshore and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. § 901 *et seq*. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition for review.[1]

This case is about coverage under the Act, which is a mixed question of law and fact. *Peru v. Sharpshooter Spectrum Venture LLC*, 493 F.3d 1058, 1061 (9th Cir. 2007). We review the Board's decisions for errors of law and for adherence to the statute requiring the Board to accept the factual findings of the Administrative Law Judge if they are supported by substantial evidence. 33 U.S.C. § 921(b)(3); *Dorris v. Dir., Office of Workers' Comp. Programs*, 808 F.2d 1362, 1364 (9th Cir. 1987). We review questions of law *de novo*. *Valladolid v. Pac. Operations Offshore, LLP*, 604 F.3d 1129, 1130 (9th Cir. 2010).

For coverage, Ahmed must satisfy the Act's "situs" requirement, which requires the employee's injury to occur "upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a). Ahmed's injury occurred at the Union Pacific Intermodal Facility

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

("UPRR") during his work as a commercial truck driver for Western Ports Transportation.

Substantial evidence supports the Board's conclusion that the UPRR's functional connection to the port is too attenuated under the situs test to confer coverage. As the UPRR is not an enumerated situs, the issue is whether it is an "adjoining area" under § 903(a) of the Act. The Board properly considered the "adjoining area" factors from *Brady-Hamilton Stevedore Co. v. Herron*, 568 F.2d 137, 141 (9th Cir. 1978). There is nothing intrinsic to the UPRR which makes it particularly suitable for maritime activities other than it is geographically close to a navigable waterway. It is a mixed-use site outside the port transected by several public streets. The UPRR is located near the port for economic, not functional, reasons. Rather, the functional nexus of the UPRR is with the landward transportation of cargo. It is not an "adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. § 903(a). The Board did not err in denying Ahmed's claim for benefits under the Act.

As Ahmed failed to satisfy the "situs" requirement for coverage, there is no need to address whether he satisfies the Act's maritime "status" requirement.

**PETITION DENIED.**

3